## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                     **CASE NO. 2:70-CV-00010-BSM**

**COTTON PLANT SCHOOL DISTRICT NO. 1, et al.**                   **DEFENDANTS**

### ORDER

The motion to intervene [Doc. No. 131] is denied.

### I. BACKGROUND

The United States sued a number of Arkansas school districts in 1970 for failing to

desegregate.  In 2022, the England School District sought a declaration that it had reached

unitary status.  Doc. No. 91.  Unitary status is declared when a district eliminates the vestiges

of segregation to the fullest extent possible.   The District's request was denied because it

failed to show that its hiring practices were race-neutral.  Doc. Nos. 100, 135.  To address

this concern, the District and the United States entered into a consent decree in which the

District agreed to implement a number of measures to ensure that its hiring process is race-

neutral.  Doc. No. 107.  Seven parents of students enrolled in the District are now seeking

to intervene, arguing that the United States is failing to enforce the consent decree.

### II. LEGAL STANDARD

A motion to intervene must be granted if (1) it is timely; (2) the proposed intervenor

claims an interest relating to the property or transaction which is the subject of the action; (3)

the disposition of the action may as a practical matter impair or impede the proposed

intervenor's ability to protect that interest; and (4) no existing party adequately represents the proposed intervenor's interest. *See* Fed. R. Civ. P. 24(a)(2); *Jenkins v. State of Mo.*, 78 F.3d 1270, 1274 (8th Cir. 1996). Although the burden for prospective intervenors is typically minimal, "the burden is greater if the named party is a government entity that represents interests common to the public." *Little Rock School Dist. v. North Little Rock School Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("*LRSD*"). There is a presumption "that the government entity adequately represents the public, and . . . the party seeking to intervene [must] make a strong showing of inadequate representation." *Id.*

## III. DISCUSSION

The motion to intervene is denied because the parents have failed to rebut the presumption that the United States is adequately representing their interests. *See LRSD*, 378 F.3d at 780–81 (no intervention as of right when party adequately represents interests of proposed intervenors).

First, the parents' interest is identical to the government's interest because both want to prevent the District from making discriminatory hiring decisions. The parents also want open communication, transparency, and expedient action by the District, which are interests that are aligned with those of the United States. Although the parents assert that the District is violating the consent order, this does not indicate the United States is failing to represent their interests. The government does not dispute the parents' allegation that the District failed to hire a black basketball coach and forge partnerships with historically black colleges. This, however, is not sufficient to deem the government's representation inadequate. *See*

*Jenkins*, 78 F.3d at 1275 ("difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation").

The record shows that the United States is reviewing and analyzing the District's regular status reports; gathering information; prompting the District to provide additional information to the public; and following up with the District to obtain answers and to address issues of concern. *See* Doc. No. 135.

Moreover, intervention is not necessary to address the parents' concerns because they will be given an adequate opportunity to raise their concerns during the public comment period when the District again moves for unitary status. *See* Doc. No. 107.

To the extent the parents are requesting permissive intervention, the motion is also denied. *See S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (decision to deny permissive intervention is "wholly discretionary"). The parents request immediate resolution of many isolated issues, which would lead to numerous mini-trials and confusion of the District's obligations and whether they have been met before the District has filed a renewed motion for unitary status. *See id.* ("principal consideration" is whether proposed intervention would "unduly delay or prejudice the adjudication of the parties' rights"). Moreover, the United States is adequately representing the interests of the parents, and the arguments raised by the parents may be raised during the notice and comment period when the District moves for unitary status. *See Chase v. Andeaver Logistics, L.P.*, 165 F.4th 1101, 1124 (8th Cir. 2026) (adequate representation by existing party also relevant consideration).

3

## IV. CONCLUSION

For these reasons, the motion to intervene is denied.

IT IS SO ORDERED this 23rd day of June, 2026.

UNITED STATES DISTRICT JUDGE